GARRETT J. DONNELLY ET AL., EXECUTORS, ESTATE OF MRS. CATHERINE DONNELLY, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 56443. Promulgated November 12, 1934.

*Joe F. Orr, Esq.,* for the petitioner.
*P. A. Bayer, Esq.,* for the respondent.

OPINION.

ADAMS: This proceeding involves a proposed deficiency for the year 1928 in the amount of $10,058.01. The sole question presented is whether a certain dividend in the amount of $54,849.83 paid to Catherine Donnelly on May 1, 1928, was taxable income to her or to the estate of her deceased husband, A. M. Donnelly.

The deficiency here in question resulted from inclusion by the Commissioner of interest in the amount of $989.83 received by Catherine Donnelly, but not reported in her return, and also the inclusion as taxable income to her of dividends in the amount of $54,849.83, included in the return filed by her as executrix of the estate of her deceased husband, A. M. Donnelly.

Petitioner admits that the respondent's action in adding to income interest received in the amount of $989.83 is correct.

A. M. Donnelly died testate June 15, 1927. Under the terms of his will, which is included herein by reference, his widow, Catherine Donnelly, was appointed sole independent executrix without bond.

Paragraph 4 of the will provides as follows:

It is my will that no other action shall be had in the County Court in the administration of my estate than to prove and record this will and to return an inventory and appraisement of my estate and list of claims.

The estate consisted entirely of community property and Catherine Donnelly was the sole legatee. The inventory and appraisement of the estate was filed on July 6, 1927, from which it appeared that the estate included 5,373⅔ shares of the stock of the Eastland Oil Co., one half of which belonged to Catherine Donnelly as her community interest in same. There was, among other assets, cash in bank in the amount of $463.63, which was the only available cash for the use of the executrix. After the decease of A. M. Donnelly, the treasurer of the Eastland Oil Co. was instructed to advance Mrs. Donnelly anything she wanted or to pay any bills she wanted paid.

At the time of his death A. M. Donnelly was surety on the note of F. A. Best for $1,500, which was overdue and remained unpaid on July 6, 1927, when the inventory and appraisement of the estate was filed. This note was paid by the Eastland Oil Co. August 22, 1928.

On March 6, 1928, a summons was issued against Catherine Donnelly, as sole independent executrix of the will and estate of A. M. Donnelly, to answer to the amended original petition of T. M. Dees in a suit for $15,000 brought against A. M. Donnelly in his lifetime. This suit was transferred to the District Court of Tarrant County, Texas, September 25, 1928, and was dismissed September 3, 1930.

The Federal estate tax return of the estate of A. M. Donnelly was filed on or about July 15, 1928.

At the time of the death of A. M. Donnelly all the outstanding stock of the Eastland Oil Co. was held as follows:

| | |
|---|---|
| A. M. Donnelly | 5,373⅔ shares |
| G. A. Donnelly | 5,373⅔ shares |
| G. J. Donnelly | 5,373⅔ shares |
| Earl Hyde | 400 shares |

On August 15, 1927, said 5,373⅔ shares standing in the name of A. M. Donnelly were reissued by the Eastland Oil Co. as follows:

| | |
|---|---|
| Catherine Donnelly | 2,686⅚ shares |
| Catherine Donnelly, Executrix of the estate of A. M. Donnelly, deceased | 2,686⅚ shares |

and on the same date the 400 shares standing in the name of Earl Hyde were transferred to Catherine Donnelly. These 400 shares were not included in the inventory appraisement of the A. M. Donnelly estate.

On May 1, 1928, the Eastland Oil Co. declared a dividend on its capital stock and on that date delivered to Catherine Donnelly its check for $109,699.66, representing the portion of the dividend attributable to the 5,773⅔ shares of stock standing in her name and

represented by the three certificates issued to her on August 15, 1927, as set out above.

The respondent contends that on May 1, 1928, when the dividend was paid to Catherine Donnelly, the estate of A. M. Donnelly had been closed and the entire amount thus received by her was taxable income to her. He contends in the alternative that even though the estate of A. M. Donnelly had not been closed on May 1, 1928, the dividend is taxable to Catherine Donnelly, in accordance with section 162(c) of the Revenue Act of 1928, one half being an amount distributed to her by the estate as beneficiary, and the other one half being her community property.

Petitioner contends that administration on the estate of A. M. Donnelly had not been closed on May 1, 1928; that Catherine Donnelly received the dividends attributable to 2,686⅚ shares of the stock as executrix of the estate of A. M. Donnelly and that it was returnable by her as such. We agree with the petitioner. While it is true that, under the laws of Texas, any person capable of making a will may provide that " no other action shall be had in a county court in relation to the settlement of his estate than the probating and recording of his will and the return of an inventory, appraisement and lists of claims of his estate " (art. 3436, Rev. Stat. Texas), the administration nevertheless proceeds according to law and Catherine Donnelly became agent of the County Court of Tarrant County, Texas, which probated the will and appointed her independent executrix thereunder, *Faulkner* v. *Reed* (Tex. Com. App.), 241 S. W. 1002. As independent executrix, the property of the estate passed into her possession in trust to be disposed of according to law, and at all times during administration the rights of creditors were paramount to her rights as legatee under the will. *Roberts* v. *Carlisle* (Tex. Civ. App.), 4 S. W. 144.

Under the facts in the record we think that administration on the estate was not closed in the taxable year 1928, and that the dividends received by Catherine Donnelly on 2,686⅚ shares of the capital stock of the Eastland Oil Co. were received and held by her as executrix under the will of A. M. Donnelly.

Nor are we impressed with the respondent's alternative contention. Clearly, it is based on the fact that Catherine Donnelly was both executrix and sole legatee and not on any actual distribution to her as beneficiary under the will. It confuses her possession as executrix with her possession as a distributee or beneficiary. This we may not do. The mere fact that one who is a beneficiary has possession of funds that belong to the executor does not make such funds a part of

the taxable income of such beneficiary. Cf. *Freuler* v. *Helvering*, 291 U. S. 35.

We hold that the amount received by Catherine Donnelly and attributable to dividends on the 2,686⅝ shares of Eastland Oil Co. stock held by her as executrix was not taxable income to her.

*Decision will be entered under Rule 50.*